**Guido D. LEPORE, Plaintiff-Appellant,**

**v.**

**BOARD OF TRUSTEES OF the POLICEMEN'S PENSION FUND OF the CITY OF GREELEY, and George Hall, Elvin Patton, Leonard Wiest, and Gayle Voss, individually and as trustees of the Policemen's Pension Fund of the City of Greeley, Defendants-Appellees.**

**No. 80CA0608.**

Colorado Court of Appeals,
Div. II.

April 9, 1981.

Raymond L. Robert, P. C., Raymond L. Robert, Englewood, for plaintiff-appellant.

John P. DiFalco, City Atty., Don K. De-Ford, Assistant City Atty., Greeley, for defendants-appellees.

VAN CISE, Judge.

Guido Lepore's application for a pension under § 31–30–322, C.R.S.1973 (1977 Repl. Vol. 12), was denied by the Board of Trustees of the Policemen's Pension Fund of the City of Greeley (the board). In a C.R.C.P. 106 action, the district court affirmed, granting the board's motion for summary judgment. Lepore appeals and we affirm.

Lepore worked as town marshall for the Town of Frederick from July 7, 1947, to May 22, 1950, devoting at least 80 percent of his working time to his duties as marshall. He worked as a full time policeman with the City of Greeley from May 1950 to March 1969.

In 1958, Greeley elected to augment its police pension fund by exercising the powers granted by what is now § 31–30–319, C.R.S.1973 (1977 Repl.Vol. 12). By that statute, a municipality having less than fifty thousand population has the option of making additional contributions, out of general funds, to that municipality's policemen's pension fund and pursuant to what is now § 31–30–320, C.R.S.1973 (1977 Repl. Vol. 12), withholding a portion of each policeman's salary equal to the monthly contribution made by the municipality for his benefit. And:

> "In such municipalities making contributions from its general funds into the policemen's pension fund of their respective municipalities, any member of such police department who has reached the age of fifty-five years and who has served for a period of twenty years in any such department in the state of Colorado ... is entitled to a monthly pension equal to one-half the amount of the average sala-

ry he received as a member of said department for one year before the time of granting his application." Section 31–30–322, C.R.S.1973 (1977 Repl.Vol. 12).

The effect of §§ 31–30–319 through 322, C.R.S.1973 (1977 Repl.Vol. 12), is to authorize a municipality to supplement the general provisions of § 31–30–301, et seq., C.R.S.1973 (1977 Repl.Vol. 12), governing police pensions. The policemen benefit by qualifying for a pension at age 55 rather than 60. *Compare* § 31–30–322, C.R.S.1973 (1977 Repl.Vol. 12) *with* § 31–30–314, C.R.S.1973 (1977 Repl.Vol. 12).

■ In July 1976, upon reaching the age of 55, Lepore sought a pension under § 31–30–322, C.R.S.1973 (1977 Repl.Vol. 12). The board denied Lepore's application because he had not completed 20 years of service with municipalities making contributions from the general fund into the policemen's pension fund. In affirming the board's determination, the district court concluded that the requirement of service for a period of twenty years "in any such department" means service in a police department in a municipality making contributions to the pension fund under § 31–30–319, C.R.S.1973 (1977 Repl.Vol. 12). Viewing these words in accordance with their familiar and generally accepted meaning and the rules of grammar, *see Harding v. Industrial Commission*, 183 Colo. 52, 515 P.2d 95 (1973); § 2–4–101, C.R.S.1973 (1980 Repl.Vol. 1B), and in light of the usage of the phrase "such police department" in §§ 31–30–320 and 321, C.R.S.1973 (1977 Repl.Vol. 12), *see State Highway Commission v. Haase*, 189 Colo. 69, 537 P.2d 300 (1975), we agree with the district court's interpretation.

During Lepore's term of employment with the Town of Frederick, the town did not have the authority to augment its policemen's pension fund. Sections 31–30–319, et seq., C.R.S.1973 (1977 Repl.Vol. 12), were not enacted until 1957. Therefore, his service for the town did not constitute service "in any such department."

■ We also agree with the district court's finding that Lepore is not being deprived of his vested rights in the pension fund. Lepore may still submit an application for a pension under § 31–30–314, C.R.S.1973 (1977 Repl.Vol. 12). *See* § 31–30–323, C.R.S.1973 (1977 Repl.Vol. 12). Section 31–30–314 provides:

"Any member of any paid police department who has reached the age of sixty years and who has served for a period of twenty years in any such department in the state of Colorado is entitled to a monthly pension equal to one-half the amount of the average salary he received as a member of said department for one year before the time of granting his application."

As stated by the district court, "[t]he pension provided for by Section 31–30–314 is essentially the same as that which was in effect at the time of the initiation of [Lepore's] employment with the City of Greeley." The enactment of §§ 31–30–319 through 322, C.R.S.1973 (1977 Repl.Vol. 12), and the city's election to exercise its rights under those sections merely expanded Lepore's pension rights. Under those sections, had he met the qualifications, he would have been entitled to a pension five years sooner than under the general pension provisions. And, although under those sections a portion of his salary was withheld, the opportunity he had had to receive a pension five years earlier balanced the detriment of the withholding. Thus, implementation of §§ 31–30–319 through 322, C.R.S.1973 (1977 Repl.Vol. 12), does not run afoul of the concerns expressed in *Police Pension & Relief Board v. Bills*, 148 Colo. 383, 366 P.2d 581 (1961), relied on by Lepore.

Judgment affirmed.

PIERCE and KELLY, JJ., concur.